# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

RONALD L. PALAS,                                        CV 04-6290-BR

        Plaintiff,                                      OPINION AND ORDER

v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

        Defendant.


**ALAN STUART GRAF**
**KIMBERLY K. TUCKER**
1020 S.W. Taylor St., Suite 230
Portland, OR 97205
(503) 452-2375

        Attorneys for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1024


1 - OPINION AND ORDER

**LUCILLE G. MEIS**
Office of the General Counsel
**THOMAS M. ELSBERRY**
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2112

        Attorneys for Defendant


**BROWN, Judge.**

    Plaintiff Ronald Palas seeks judicial review of a final
decision of the Commissioner of the Social Security
Administration (SSA) in which she denied Palas's protective
application for Disability Insurance Benefits (DIB) and found
Palas ineligible for Supplemental Security Income (SSI) payments.
Palas seeks an order reversing the decision of the Commissioner
and remanding this action for an award of benefits.

    This Court has jurisdiction to review the Commissioner's
decision pursuant to 42 U.S.C. § 405(g).  Following a thorough
and careful review of the record, the Court **AFFIRMS** the decision
of the Commissioner.


## ADMINISTRATIVE HISTORY

    Palas filed his applications for DIB and SSI on March 23,
2001.  The applications were denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on April 9, 2003.  At the hearing, Palas was represented

2 - OPINION AND ORDER

by an attorney, and Palas and a vocational expert (VE) testified.

The ALJ issued a decision on July 2, 2003, in which he found Palas was not entitled to benefits. That decision became the final decision of the Commissioner on May 14, 2004, when the Appeals Council denied Palas's request for review.

## BACKGROUND

### I.   Palas's Testimony

Palas was born on June 24, 1951, and was 51 years old at the time of the hearing. Tr. 181.[1]  He completed high school. Tr. 62, 202.  His past relevant work was as an institutional cook, brush-manufacturing repairman, brush-manufacturing worker, industrial cleaner, meat company stock clerk, cashier, and gas station attendant.  Tr. 21.

Palas testified he suffers from pain in his hand joints, particularly in his left wrist and thumb; pain in his knees and ankles; and anxiety.  Tr. 210-12.  Palas testified he has inflammations of pain in his hands eight to ten days per month. Tr. 212.  Palas stated he could stand between 30 and 45 minutes before his ankles began to hurt, and he could sit for one hour before he needed to get up and move around.  Tr. 212.  Palas

---

[1] Citations to the official transcript of record filed with the Commissioner's Answer on November 22, 2004, are referred to as "Tr."

testified he could no longer ride a bicycle because he cannot work the hand brake.  Tr. 213.

Palas reported he lives in a group home and cleans the bathrooms of the home 20-30 days per month.  Tr. 199.  Palas also testified he runs the rug sweeper 20 times a month and assists with cooking group meals ten days per month.  Tr. 200.

**II.  Medical Evidence**

Except when noted below, Palas does not challenge the ALJ's summary of the medical evidence.  Palas, however, contends the ALJ improperly rejected some medical evidence and failed to apply proper legal standards when he weighed the evidence and made his decision.

After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 17-19.

## STANDARDS

A claimant is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The initial burden of proof rests on the claimant to establish his disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996).  The Commissioner bears the burden

of developing the record.  *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Andrews*, 53 F.3d at 1039.  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation."  *Andrews*, 53 F.3d at 1039-40.

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the

5 - OPINION AND ORDER

Commissioner determines the claimant is engaged in substantial

gainful activity.  *Yuckert*, 482 U.S. at 140.  *See also* 20 C.F.R.

§ 416.920(b).

In Step Two, the claimant is not disabled if the

Commissioner determines the claimant has no "medically severe

impairment or combination of impairments."  *Yuckert*, 482 U.S. at

140-41.  *See also* 20 C.F.R. § 416.920(c).

In Step Three, the claimant is disabled if the Commissioner

determines the claimant's impairments meet or equal "one of a

number of listed impairments that the [Commissioner] acknowledges

are so severe as to preclude substantial gainful activity."

*Yuckert*, 482 U.S. at 140-41.  *See also* 20 C.F.R. § 416.920(d).

The criteria for the listed impairments, known as Listings, are

enumerated in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of

Impairments).

If the Commissioner proceeds beyond Step Three, she must

assess the claimant's Residual Functional Capacity (RFC).  The

claimant's RFC is an assessment of the sustained, work-related

activities the claimant can still do on a regular and continuing

basis despite his limitations.   20 C.F.R. § 416.945(a).  *See*

*also* Social Security Ruling (SSR) 96-8p.

In Step Four, the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform

work he has done in the past.  *Yuckert*, 482 U.S. at 141-42.

*See also* 20 C.F.R. § 416.920(e).

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. § 416.920(e), (f). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 141-42. *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(f)(1).

## II.  The ALJ's Decision

The ALJ found Palas had not performed any substantial gainful activity since his alleged onset date of March 11, 2001. Tr. 22. The ALJ determined Palas has "probable degenerative arthritis" in his hands. Tr. 19. The ALJ, however, found these impairments do not meet or equal the listed impairments. Tr. 22.

The ALJ determined Palas had an RFC for medium work with limited gross manipulation and limited fine manipulation. Tr. 22. The ALJ further found Palas was precluded from work involving climbing ladders or ropes. Tr. 22. The ALJ concluded Palas could perform his past relevant work as a gas station

attendant.  Tr. 22-23.


**DISCUSSION**

Palas contends the ALJ erred when he: (1) rejected Palas's subjective symptom testimony, (2) ignored lay-witness statements, (3) rejected the opinions of Palas's treating and examining physicians, and (4) failed to provide a complete and accurate hypothetical to the VE.

## I.   The ALJ's Rejection of Plaintiff's Testimony

Palas alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Palas's testimony.

"If the ALJ finds that the claimant's testimony as to the severity of [the claimant's] pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony."  *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).  When weighing the claimant's credibility, the ALJ may consider "inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains."  *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  "If the ALJ's credibility finding is supported by substantial evidence in the

record, we may not engage in second-guessing."  *Thomas,* 278 F.3d at 958.

The ALJ identified inconsistencies between Palas's testimony and the medical record and, as a result, found Palas's testimony regarding his ability to work was not credible.  Tr. 20-21.  For example, the ALJ noted there was not any medical evidence to support Palas's testimony that he was unable to sit for more than 60 minutes, walk only two blocks, and stand for only 30-45 minutes.  Tr. 20, 212.  Although Palas alleged he had arthritis in his back, the record did not contain any x-rays or other objective studies to support the existence of any back or knee impairment.  Tr. 20.  Although Palas's complaints focused on pain in his hands, the record does not contain any evidence that Palas's doctors believed an evaluation of Palas's knees or ankles was warranted.

The ALJ also considered the report and examination of Gary E. Wheeler, M.D.  With respect to Palas's complaints of hand pain, Dr. Wheeler opined, "Given his seven year history of synovitis, I would have expected to see some abnormalities." Tr. 168.  Dr. Wheeler, however, noted Palas did not have any abnormalities and concluded Palas's "level of disability is disproportionate to objective physical findings."  Tr. 168. Dr. Wheeler concluded he was "unable to make a diagnosis of degenerative rheumatoid arthritis and I suspect that there may be

some psycho/social factors affecting [Palas's] difficulties particularly as it relates to his appeal for Social Security Disability."  Tr. 168.

On this record, the Court finds the ALJ adequately explained his reasons for finding Palas's testimony concerning his physical limitations not credible.  The Court, therefore, concludes the ALJ did not err because he provided a legally sufficient basis supported by the record for rejecting portions of Palas's testimony.

## II.  Lay-Witness Statements

Palas contends the ALJ erred because he did not discuss the Third Party Information on Activities of Daily Living Questionnaires of laymen Robert Green and David Schmitz.  The ALJ, however, is not required to discuss all evidence presented to him.  *See Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984)(citation omitted).  The ALJ is required only to explain his reasons for rejecting "significant probative evidence."  *Cotter v. Harris*, 700, 706 (3d Cir. 1981).

Here the lay-witness statements are inconsistent with the medical evidence and not probative of the issue of Palas's disability.  For example, David Schmitz reported Palas needed to "sit down for 20 or 30 minutes to rest" after vacuuming for ten minutes.  Tr. 122.  As noted, the record does not contain any evidence of x-rays or other objective studies to suggest Palas

10 - OPINION AND ORDER

had any back or knee impairment.

On this record, the Court concludes the ALJ did not err when he did not discuss the lay statements of Schmitz and Green.

## III. The ALJ's Rejection of the Opinions of Plaintiff's Treating and Examining Physicians

Palas contends the ALJ improperly rejected the opinions of Kurt Brickner, M.D., Palas's treating physician, and Michael Villanueva, Psy.D., Palas's examining physician.

It is well-settled that "greater weight is afforded to the opinion of a treating physician than to that of [a] non-treating physician, because the treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Ramirez v. Shalala*, 8 F.3d 1449, 1453 (9th Cir. 1993)(internal quotations omitted). A treating physician's opinion is controlling when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent" with other evidence of record. 20 C.F.R. § 404.1527(d)(2). When a treating physician's opinion is not entitled to controlling weight, the ALJ must give "specific, legitimate reasons" for rejecting it if that opinion conflicts with another physician's opinion or with evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). When the opinion of the treating physician or other medical expert is uncontroverted, the ALJ must give "clear and convincing reasons" before rejecting such an opinion. *Id. See also Lester v.*

11 - OPINION AND ORDER

*Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

The ALJ must also give "specific, legitimate reasons" for rejecting the opinion of an examining physician when that opinion conflicts with another physician's opinion or with evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). When an ALJ rejects the opinion of an examining psychologist, he is required to state "clear and convincing reasons" if the opinion is uncontroverted and "specific, legitimate reasons" if the opinion is controverted. *Magallanes*, 881 F.2d at 751. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

**A.    Rejection of Treating Physician's Opinion**

Plaintiff contends the ALJ improperly rejected the opinion of Dr. Brickner. The ALJ, however, accepted Dr. Brickner's opinions to the extent they were consistent with his treatment notes. Tr. 21. Specifically, the ALJ accepted on a limited basis Dr. Brickner's March 2003 opinion letter in which he responded to questions from Palas's counsel about Palas's limitations.

The ALJ accepted Dr. Brickner's opinions that Palas periodically would have difficulty with handling and fingering and that Palas's condition intermittently caused his hands to swell because these findings were supported by Dr. Brickner's treatment notes. Tr. 21, 163-64. The ALJ, however, found

12 - OPINION AND ORDER

Dr. Brickner's "yes" response to counsel's question was "nonspecific" as to whether Palas's medical conditions would interfere with his ability to sustain work.  Tr. 21, 163-64.  The ALJ noted Dr. Brickner did not indicate the level or nature of the interference with Palas's ability to work, and the ALJ, therefore, found Dr. Brickner's conclusion unhelpful for determining Palas's limitations.  Tr. 21.

The Court concludes the ALJ did not err when he rejected portions of Dr. Brickner's opinion because the ALJ gave legally sufficient reasons for doing so.

**B.   Rejection of Examining Physician's Opinion**

Plaintiff contends the ALJ improperly rejected the opinion of examining physician Dr. Villanueva.  Dr. Villanueva conducted a psychological evaluation on Palas and concluded Palas had mild restrictions in activities of daily living and social functioning and moderate restrictions in concentration, persistence, or pace due to an anxiety disorder.  Tr. 179.  Dr. Villanueva assessed Palas with a Global Assessment Functioning (GAF) of 60 with a GAF of 60 within the previous year.[2]  Tr. 175.

The ALJ did not reject Dr. Villanueva's opinion.  The ALJ instead noted the record reflected Palas's anxiety was well

---

[2] The GAF scale is used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100.  *Diagnostic and Statistical Manual IV* (DSM-IV) 30-32 (4th ed., 2000).  A GAF of 60 indicates a moderate level of impairment.  DSM-IV 32.

controlled with medication, and, therefore, he found Palas's
anxiety disorder was not a severe mental impairment.  Tr. 19.

Dr. Brickner noted several times that Palas's anxiety was
well controlled with medication.  Tr. 155-57.  In August 2002,
Dr. Brickner reported Palas was "very nervous," but he went on to
note Palas "ran out of Xanex a few days ago."  Tr. 156.

The ALJ also found Palas had not asserted any mental
impairment on either his application for SSI or DIB, his request
for reconsideration, or his request for a hearing.  Tr. 19.
Finally, the ALJ noted none of Palas's treating or examining
physicians recommended mental-health treatment.  Tr. 19.

On this record, the Court concludes the ALJ did not reject
Dr. Villanueva's opinion.  To the extent the ALJ did not give
full weight to Dr. Villanueva's opinion, the Court concludes the
ALJ gave legally sufficient reasons for doing so.

**IV.  The ALJ's Hypothetical to the VE**

Based on his position that the ALJ improperly rejected
Palas's testimony, the lay-witness statements, and the opinions
of Drs. Villanueva and Brickner, Palas contends the ALJ's
hypothetical to the VE omitted relevant limitations and,
therefore, was incomplete.

The Court, however, has held the ALJ did not err by
rejecting Palas's testimony, the lay-witness statements, or
portions of the opinions of Drs. Villanueva and Brickner.

14 - OPINION AND ORDER

Accordingly, the Court finds the ALJ's hypothetical to the VE contained all of Palas's relevant and credible limitations, and, therefore, the ALJ's hypothetical was not incomplete.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

DATED this 10th day of August, 2005.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

Palas CV 04-6290-O&O.8-10-05.wpd